Read, J.
As to the fact whether the jury found contrary to evidence:
The jury found in accordance with the evidence; and, if the charge of the court was correct, the facts warranted the verdict.
The charge of the court was correct. Green wraived demand and notice by the agreement. It will bear no other construction. Kyle was to sue the makers and use all due dilligence to collect the notes before Green became liable. Green was not to becomo liable on demand and notice of non-payment; but, after suit *495 brought, and failure to collect, or due diligence. Why, then, notify Green ? That he might discharge the note and pursue the maker? It was expressly contracted that Kyle should sue the maker, and use due diligence; and, on failure to collect, Green would be liable. But it is said Kyle should have sued the makers immediately, and that he suffered two terms of the court to pass without suit. This is true, had not Green told Kyle to delay and “ not to jump on the makers at once;” Kyle, in reply, told him ho would “ use them as his own.” With this verdict, how can Green complain, when Kyle did the very thing designed? Such a defense is neither good in morals nor law.
But it is argued, although the attention of the court does not appear to have been directly called to that point, that Kyle should have given notice to Green of failure to collect on execution, to render him liable. To support this, reference is made to the law merchant and guaranty. The answer to this is, that the parties, made a law to themselves by their contraot, which governs this case. Green by its terms, was to be liable after suit and failure, or due diligence to collect. Green’s liability *to be sued commenced immediately on such failure, not on failure and notice, and the law will not add notice.
Motion for new trial overruled, and judgment on the verdict.